Cff

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| **ROBERT REDMON, individually and** ) | |
| **on behalf of all others similarly situated,** ) | |
| ) | **Case No. 07 C 2350** |
| **Plaintiffs,** ) | |
| ) | **Judge Ruben Castillo** |
| **v.** ) | |
| ) | |
| **UNCLE JULIO'S OF ILLINOIS, INC.,** ) | |
| **d/b/a UNCLE JULIO'S HACIENDA,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Robert Redmon ("Redmon") sued Defendant Uncle Julio's of Illinois, Inc., d/b/a

Uncle Julio's Hacienda ("Uncle Julio's") for producing a computer-generated credit card receipt

displaying Redmon's credit card expiration date in violation of the Fair and Accurate

Transactions Act of 2003 ("FACTA") amendment to the Fair Credit Reporting Act ("FCRA"),

15 U.S.C. § 1681 *et seq.* Before the Court is Redmon's motion for class certification pursuant to

Federal Rule of Civil Procedure 23, and his request to appoint the Law Offices of Keith J.

Keogh, Ltd. as class counsel. For the reasons set forth below, Redmon's motion for class

certification is granted.

### BACKGROUND

The FACTA amendment to the FCRA was passed in 2003 to assist in the prevention of

identity theft. *See Iosello v. Leiblys, Inc.*, 502 F. Supp. 2d 782, 786 (N.D. Ill. 2007). It provides,

in relevant part, that "no person that accepts credit cards or debit cards for the transaction of

business shall print more then the last 5 digits of the card number or the expiration date upon any

receipt provided to the cardholder at the point of sale or transaction." 15 U.S.C. § 1681c(g)(1).

The statute requires all machines in use prior to January 1, 2005, to be brought into compliance by December 4, 2006, and all machines first used after January 1, 2005, to comply immediately. *Id.* § 1681c(g)3. Any person who willfully fails to comply with this section with respect to any consumer is liable for actual damages sustained by the consumer or statutory damages not less then $100 and not more than $1,000. *Id.* § 1681n(a)(1)(A).

Redmon alleges that on April 20, 2007, he was a patron at Uncle Julio's and received a computer-generated cash register receipt displaying his credit card expiration date. (R. 25, Pl.'s Mot. to Cert. Class at 2.) He seeks class certification for: "All consumers in Illinois to whom Uncle Julio's provided an electronically printed receipt at the point of sale or transaction, in a transactions occurring after December 4, 2006, which receipt displays either (a) more then the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card."

## ANALYSIS

### I. Legal Standard

Class certification is appropriate where the proposed class representatives can satisfy all four prerequisites of Rule 23(a) and one of the requirements of Rule 23(b). *Payton v. County of Kane*, 308 F.3d 673, 680 (7th Cir. 2002). Rule 23(a) contains the following requirements: "(1) The class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). Plaintiff argues that the proposed class meets all four requirements of Rule 23(a) and Rule 23(b)(3), which permits class

2

certification when common issues of law and fact among the class predominate over issues affecting individual members, and class litigation is superior to other methods of adjudication. Fed. R. Civ. P 23(b)(3); *Williams v. Chartwell Fin. Servs., Ltd.*, 204 F.3d 748, 761 (7th Cir. 2000).

Redmon bears the burden of demonstrating that the proposed class meets the requirements of Rule 23. *Retired Chi. Police Ass'n v. City of Chi.*, 7 F.3d 584, 596 (7th Cir. 1993); *Murray v. New Cingular Wireless Servs.*, 232 F.R.D. 295, 298 (N.D. Ill. 2005). Courts have broad discretion in determining whether the class certification requirements of Rule 23 have been met. *Jackson v. Nat'l Action Fin. Servs., Inc.*, 227 F.R.D. 284, 286 (N.D. Ill. 2005). Where questions bearing on class certification and the merits of the case are intertwined, the court should make a preliminary inquiry into the merits to determine if the case is suitable for class treatment. *Szabo v. Bridgeport Mach. Inc.*, 249 F.3d 672, 676 (7th Cir. 2001). Nevertheless, the Court does not delve into the merits of the ultimate issues in the case, such as the willfulness of the alleged FCRA violation, which do not affect the question of class certification under Rule 23. *See Harris v. Circuit City Stores, Inc.*, No. 07 C 2512, 2008 WL 400862, at *3-4 (N.D. Ill. Feb. 7, 2008); *Lau v. Arrow Fin. Servs., LLC*, 245 F.R.D. 620, 623 (N.D. Ill. 2007); *Levie v. Sears Roebuck & Co.*, 496 F. Supp. 2d 944, 946-47 (N.D. Ill. 2007); *Hyderi v. Washington Mut. Bank, FA*, 235 F.R.D. 390, 395 (N.D. Ill. 2006); *Cavin v. Home Loan Center, Inc.*, 236 F.R.D. 387, 395 (N.D. Ill. 2006).

## II. Rule 23(a) Requirements

### A. Numerosity

The first requirement under Rule 23(a) is that the purported class be "so numerous that

joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). While as few as forty class members may meet the numerosity requirement, *see, e.g., Swanson v. Am. Consumer Indus., Inc.,* 415 F.2d 1326, 1333 (7th Cir. 1969), courts rely on common sense to determine whether an estimate of class size is reasonable and meets the numerosity requirement. *See Ringswald v. County of DuPage,* 196 F.R.D. 509, 511-512 (N.D. Ill. 2000). Redmon argues that his claim meets the numerosity requirement because the class consists of at least 55,823 members. (R. 26, Pl.'s Mem. in Supp. of Class Cert. at 5.) Defendant does not challenge Plaintiff's assertion that the class meets the numerosity requirements and admits that the class consists of over 1,000 members. (Pl.'s Mot. Ex. 1 at 4). Indeed, several courts in this district have certified classes for alleged violations of 15 U.S.C. § 1681c(g) with even more potential class members. *See Meehan v. Buffalo Wild Wings, Inc.,* No. 07 C 4562, 2008 WL 548767, at *1 (N.D.Ill. Feb. 26, 2008) (certifying class where defendant probably provided thousands of electronically printed receipts during the relevant time period); *Halperin v. Interpark Inc.,* No. 07 C 2161, 2007 WL 4219419, at *1 (N.D. Ill. Nov. 29, 2007) (certifying class where proposed class where over 900,000 qualifying receipts may have been printed). Thus, Redmon's estimate is both reasonable and sufficiently large to satisfy Rule 23(a)'s numerosity requirement.

## B. Commonality

The second requirement pursuant to Rule 23(a) is that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The commonality requirement is usually met when the class members share a "common nucleus of operative fact," such that resolution of common questions affect all or substantially all of the class members. *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). Redmon argues that his claim shares questions of law and fact

4

with the other class members because Uncle Julio's willfully issued receipts to all class members that did not comply with Section 1681c(g)(1). (R. 26, Pl.'s Mem. in Supp. of Class Cert. at 6.) Uncle Julio's has not contested Redmon's arguments supporting a finding of commonality and does not provide evidence that members of the class have individual issues that may require separate litigation. Accordingly, Redmon meets the commonality requirement.

## C. Typicality

The third Rule 23(a) requirement is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). A plaintiff's claim is typical if it "arises from the same event or practice or course of conduct that gives rise to the claims of other class members and [is] based on the same legal theory." *Owner-Operator Indep. Drivers Ass'n, Inc. v. Allied Van Lines, Inc.*, 231 F.R.D. 280, 282 (N.D. Ill. 2005) (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). The alleged facts of this case indicate that the typicality requirement is met. Redmon's claim arose from the same alleged conduct as other class members: they all received a credit or debit card receipt from Uncle Julio's which contained either the expiration date and/or more than the last five digits of recipients card number. Further, all claims against Uncle Julio's involve the same legal theory, a violation of FACTA, 15 U.S.C. § 1681(c)(g)(1). Uncle Julio's does not present any evidence to refute Plaintiff's assertion that his claim is typical of the class. Therefore, Redmon meets the typicality requirement.

## D. Adequacy

The fourth and final requirement pursuant to Rule 23(a) is that "the representative parties will fairly and adequately protect the interest of the class." Fed. R. Civ. P. 23(a)(4). Plaintiff

5

must demonstrate three factors to prove adequacy: "(1) the representative does not have conflicting or antagonistic interests compared with the class as a whole; (2) the representative is sufficiently interested in the case outcome to ensure vigorous advocacy; and (3) class counsel is experienced, competent, qualified and able to conduct the litigation vigorously." *Cavin*, 236 F.R.D. at 392-93 (citing *Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682, 697 (7th Cir. 1986)).

Redmon argues that because he brings an identical claim on behalf of himself and other class members, there is no potential for antagonistic or conflicting claims with other members of the class. (Pl.'s Mem. Supp. Class Cert. 7). While Redmon seeks only statutory damages, he seeks to represent a class that potentially includes members who may have suffered actual damages. However, requiring class counsel to seek actual damages for each individual class member would make the class action unmanageable because actual damages in FCRA cases are likely to be small. *Murray v. GMAC Mortgage Corp.* ("*GMAC*"), 434 F.3d 948, 953 (7th Cir. 2006). Statutory damages, on the other hand, "allow for the recovery of modest damages, that likely are small and difficult to quantify, without proof of injury." *Killingsworth*, 507 F.3d at 622 (citing *GMAC*, 434 F.3d at 953). Class members with individual claims for actual damages may always opt out of the class to pursue these claims on their own. *GMAC*, 434 F.3d at 953. Therefore, Redmon's interests are not antagonistic to or in conflict with those of other class members.

Next, the Court considers the second requirement for adequacy—whether Redmon has sufficient interest in the case to adequately represent the class. The Seventh Circuit only requires that the "named plaintiff . . . have *some* commitment to the case . . ." to meet this requirement. *Rand v. Monsanto Co.*, 926 F.2d 596, 599 (7th Cir. 1991) (emphasis in original). The burden of

6

showing sufficient interest is relatively modest: "an understanding of the basic facts underlying the claims, some general knowledge, and a willingness and ability to participate in discovery are sufficient to meet this standard." *Cavin*, 236 F.R.D. at 394. The filings and discovery completed so far in this case demonstrate, and Uncle Julio's has not presented any evidence disputing, Redmon's willingness to participate in the litigation. Accordingly, the Court finds that plaintiff has sufficient interest in the case to adequately represent the class.

In addition, the Court finds that class counsel—who is litigating similar FACTA claims in courts throughout the country—is adequately competent and experienced. *See Cavin*, 236 F.R.D. at 395 (finding that law firm which was class counsel in many other FCRA actions met adequacy requirement). Accordingly, Plaintiff has met the requirements of Rule 23(a)(4).

## III.   Rule 23(b)(3) Requirements

Redmon requests certification under Rule 23(b)(3), which permits class actions when "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and . . . a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### A.   Predominance

To satisfy the predominance requirement, "the plaintiff must show that common issues not only exist, but outweigh the individual questions." *Troy v. Red Lantern Inn, Inc.*, No. 07 C 2418, 2007 WL 4293014, at *3 (N.D. Ill. Dec. 4, 2007) (quoting *Dhamer v. Bristol-Myers Squibb Co.*, 183 F.R.D. 520, 529-30 (N.D. Ill. 1998). Redmon's factual allegations are common to all potential plaintiffs and the causes of action resulting from these facts are all the same. Uncle Julio's allegedly issued credit or debit card receipts bearing prohibited material to class members

7

in violation of the FACTA. Although there may be potential plaintiffs, unlike Redmon, who have been actually harmed by the alleged violation of FACTA, these issues do not predominate, and those plaintiffs may choose to opt out of the class. Indeed, the parties do not point to any instance where a potential class member suffered actual harm from the alleged FACTA violation. Because common questions of law and fact predominate over any individualized inquiries, Redmon has satisfied the predominance requirement of Rule 23(b)(3).

## B.    Superiority

Rule 23(b)(3) also requires Plaintiff to demonstrate that "a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P 23(b)(3). Rule 23(b)(3) is designed for situations where "potential recovery is too slight to support individual suits, but injury is substantial in the aggregate." *GMAC*, 434 F.3d at 953. The Seventh Circuit has held that the damage amounts available in FCRA actions—$100 to $1000 per individual—are especially well suited to resolution by class action. *Id.*

Nevertheless, Uncle Julio's argues that a class action is an inferior method of adjudication because: (1) identification of the class is nearly impossible, making a class action unmanageable; (2) class certification would lead to a "blackmail settlement"; (3) statutory damages are grossly disproportionate to the actual harm; (4) individual actions provide a superior alternative; and (5) class certification, where the defendant has already quickly complied with the statute, may lead to attorney abuse of class actions. Although Uncle Julio's cites a plethora of California district court cases in support of these arguments, they are not sufficient to block class certification in this district.

Contrary to Uncle Julio's arguments, a proposed class of 1,000 to approximately 55,000

8

members is not unmanageable. "[A] class action has to be unwieldy indeed before it can be pronounced an inferior alternative—no matter how massive the fraud or other wrongdoing that will go unpunished if class treatment is denied—to no litigation at all." *Carnegie v. Household Int'l, Inc.*, 376 F.3d 656, 661 (7th Cir. 2004). While Uncle Julio's complains of the difficulties in identifying and contacting members due to the large size of the potential class, classes such as this one—based on alleged violations of 15 U.S.C. § 1681c(g)—have been certified in cases with even more potential class members. *See Meehan*, 2008 WL 548767, at *1 (certifying class where potentially thousands of qualifying receipts were printed); *Halperin*, 2007 WL 4219419, at *1 (certifying class where potentially 900,000 qualifying receipts were printed).

Because of the large number of class members, if Plaintiff is successful in representing the class, the potential statutory damages are immense. Defendant claims that this leads to the potential for a "blackmail settlement," as a potentially huge judgment may unfairly induce Defendant to settle. With statutory damages maxing out at $1,000, however, individual plaintiffs do not have sufficient incentives to litigate independently. This is precisely the situation Rule 23(b)(3) was designed to overcome. *See GMAC*, 434 F.3d at 953. In *GMAC*, the Seventh Circuit reversed a district court decision finding that the potential liability of the defendant for a FCRA violation—billions of dollars—was an abuse of the class action forum and thus not superior to individual lawsuits. *Id.* The Seventh Circuit explained that "[t]he reason that damages can be substantial [] does not lie in an 'abuse' of Rule 23; it lies in the legislative decision to authorize awards as high as $1,000 per person," without a statutory damages cap. *Id.* (citing 15 U.S.C. § 1681n(a)(1)(A)). Regardless of whether a judge disapproves of the law, "[w]hile a statute remains on the books, [] it must be enforced rather than subverted." *Id.* at 953-54.

9

Uncle Julio's next argues that the disparity between the actual harm (or lack thereof) incurred by Plaintiff and the immense damages Defendant faces violates its due process rights, so that the Court should refuse certification. (R. 31, Def.'s Resp. at 11.) Considerations of due process and disproportionality of damage awards, however, should be applied after a class has been certified. *GMAC*, 434 F.3d at 954. As this Court noted in a previous FCRA case involving the same statutory damages range—"reducing an unnecessarily large statutory damage award is a more palatable option than allowing defendants to commit substantive violations of the law and escape liability essentially because they have violated the rights of too many individuals." *New Cingular*, 232 F.R.D. at 304. Accordingly, the Court will not deny class certification on these grounds.

Uncle Julio's also argues that individual actions are superior to the proposed class action because FACTA's statutory awards and the availability of attorney's fees will create sufficient incentives for consumers to vindicate their rights through a lawsuit, and those who were actually harmed by the alleged FACTA violation—through identity theft—stand to yield much more than the statutory damages cap. (R. 31, Def.'s Resp. at 5.) As explained above, however, the Seventh Circuit has held that Rule 23(b)(3) "was designed for" FCRA violations such as this, where there is a large number of potential class members and but only a small chance to prove large, individual damages. *GMAC*, 434 F.3d at 953. Accordingly, a class action is superior to other forms of litigation for the resolution of the issues raised in this case.

Lastly, Uncle Julio's argues that a class should not be certified here, because it immediately remedied its alleged violation of FACTA upon being notified that it was not in compliance. Uncle Julio's states that it upgraded its cash registers in May 2003 and believed it

10

was in full compliance with the rules concerning truncation of card numbers. (R. 31, Def.'s Resp. at 4.) Upon learning of FACTA's new prohibitions through the filing of this lawsuit, Uncle Julio's immediately began to manually mask expiration dates printed on receipts until it could upgrade it cash register software. (*Id.*) While these efforts are commendable, FACTA does not provide for an exception based on after-the-fact compliance. As explained above, while a statute remains on the books, this Court must enforce it.

Accordingly, the Court finds that Plaintiff has met the superiority requirement of Rule 23(b)(3).

## IV. Class Counsel

As a final matter, the Court considers the adequacy of the Law Offices of Keith J. Keogh, Ltd. as class counsel. In appointing class counsel the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). According to Exhibit 6 attached to Plaintiff's motion for class certification—an affidavit by Keith J. Keogh—proposed class counsel has extensive knowledge of the applicable law and experience handling similar class actions, as well as the resources to investigate the potential class claims. (R. 20, Mot. to Cert. Class, Ex. 6.) Based on the representations in this affidavit, the Court agrees that Keith J. Keogh, Alexander Burke, and their firm, the Law Offices of Keith J. Keogh, Ltd., are sufficiently qualified to meet the requirements of Rule 23(g)(1)(A).

11

## CONCLUSION

For the foregoing reasons, the Court grants Redmon's motion for class certification (R. 25), and appoints appoints Keith J. Keogh, Alexander H. Burke, and the Law Offices of Keith J. Keogh Ltd., as class counsel in this case. Pursuant to Federal Rule of Civil Procedure 23(b)(3), this Court will certify a class consisting of "all consumers in Illinois to whom Uncle Julio's provided an electronically printed receipt at the point of sale or transaction, in a transactions occurring after December 4, 2006, which receipt displays either (a) more than the last five digits of the person's credit card or debit card number, and/or (b) the expiration date of the person's credit or debit card."

ENTERED:

**Judge Ruben Castillo**
**United States District Court**

Dated: March 7, 2008